Nott, J.,
delivered the opinion of the Court.
The United States, through their quartermaster, contract with the claimant for rations to he furnished daily to the Marine Corps during the year 1861. In August of that year Congress imposes an additional duty on articles which constitute a part of the rations so to be furnished. The claimant, nevertheless, furnishes the rations during the remainder of the year, and thereby suffers loss.
The United States again contract with the claimant for similar rations to be furnished during the year 1862. In February of that year Congress passes the legal-tender act, whereby the cost of the rations so to be furnished is increased. The claimant, nevertheless, again furnishes them, and again suffers loss. He now claims that by these enactments the United States have changed, and in effect imposed new conditions upon the performance of. their two contracts, and that thereby he has suffered $3,558 48 damages.
In the case of Latham v. The United States, wherein this court pronounced upon the constitutionality of the legal-tender act, the services had been performed before the enactment of the last-named law, while the payment had been defcried until after the depreciation of the national currency. Here the rations forming the foundation of the claim were furnished after the enactment of both statutes. In that case the contract was performed; in this it was to be performed. In the one case *191 the party did not complain of the amount paid to him, but objected to the land of money in which it was paid ; in the other the claimant does not object to the kind of money, but insists that he was not paid enough. In the former ease the party admitted that the contract had been complied with, but protested that the satisfaction of it was incomplete ; that the treasury notes tendered to him were illegal, and that the act under which they were issued was void. In this case the claimant admits that the act was constitutional, and that the treasury notes were lawful money, but claims that the contract was changed and in effect violated. The claimant in the first case objected that a new kind of money was coined after his work was done; the claimant in the second case insists that new conditions were imposed before his contract was executed. The claimant is understood to present his claim as if he had repudiated the contract entirely, and had framed his petition in the nature of a declaration in assumpsit and laid his damages in quantum meruit. The case, therefore, is different from that of Latham, and does not come under any of the decisions upon the legal-tender act.
Mr. A. L. Merriman for the claimant.
Mr. John J. Weed, Assistant Solicitor, for the government.
This statement of his case is plausible, but is not sound. And herein is its fallacy: that it supposes general enactments of Congress are to be construed as evasions of his particular contract. This is a grave error. A contract between the government and a private party cannot be sqyecially affected by the enactment of a general law. The statute bears upon it as it bears upon all similar contracts between citizens, and affects it in no other way. In form, the claimant brings this action against the United States for imposing new conditions upon his contract; in fact he brings it for exercising their sovereign right of enacting laws. But the government entering into a contract, stands not in the attitude of the government exercising its sovereign power of providing laws for the welfare of the State. The United States as a contractor are not responsible for the United States as a lawgiver. Were this action brought against a private citizen, against a body corporate, against a foreign government, it could not possibly be sustained. In this court the United States can be held to no greater liability than other contractors in other courts.
The judgment of the court is that the petition be dismissed.