## J. F. BARBOUR & SONS v. UNITED STATES.

### No. 46090.

Court of Claims.

Oct. 2, 1944.

See also 63 F.Supp. 349.

Fred B. Rhodes, of Washington, D. C., for plaintiff.

George E. Heidlebaugh, of Seattle, Wash., and Francis M. Shea, Asst. Atty. Gen., for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge, delivered the opinion of the court.

The Government has demurred to the plaintiff's petition. The petition alleges that on March 25, 1942, the plaintiff made a contract with the Government to construct for it the Radford Community Hospital, for the price of $266,722.22, the work to be completed on or before November 9, 1942; that at the time the contract was entered into the plaintiff was led to believe that the Government would do nothing to prevent the completion of the work within the time set; that, acting upon that belief, the plaintiff promptly moved its equipment to the site and began work on April 17, 1942; that at a later but unspecified date it became necessary in order to continue with the work to have certain priority orders issued by the War Production Board in order to obtain certain necessary materials; that when these priority orders were not granted, the matter was promptly presented to the Government which on June 11, 1942, made an investigation; that thereupon the work on the contract was ordered temporarily stopped by representatives of the Public Buildings Administra-

tion, Federal Works Agency; that by reason of this stoppage the work became disorganized, trenches prepared for concrete work became flooded with water, the plaintiff was unable to keep its supervisors and workmen busy and the plaintiff's equipment, which was urgently needed for other work, was tied up on this job; that by reason of the delays caused by the stoppage of the work and the failure of the Government to grant the plaintiff the necessary authority to obtain the required materials, the plaintiff was damaged to the amount of thirty thousand dollars.

The Government's demurrer is based upon the doctrine, elaborated in the case of Everett D. Gothwaite v. The United States, No. 46080, 102 Ct.Cl. 400, that when the Government, in its capacity as a sovereign, places obstacles in the way of the performance of a contract with it, it does not thereby become liable in damages for a breach of its contract.

The plaintiff urges that this doctrine should not apply to its case because the Government, by setting a date for completion of the contract, must have determined that the work was essential and entitled to such priority orders as would be necessary to get it done within the fixed time; and that if it was essential, the Government should have so certified, which would have enabled the plaintiff to get the priority order for the necessary materials.

The plaintiff does not in its petition allege that the rules for obtaining priority orders were the same at the time the contract was made as they were at the later unspecified date when it sought the priority order; that any action by anyone on behalf of the agency of the Government which contracted with the plaintiff was necessary to enable the plaintiff to obtain the needed priority orders; what efforts, if any, the plaintiff made to obtain the priority orders; whether in fact, under the priority regulations, it was entitled to priority orders; whether the needed materials were available for purchase so that if the plaintiff had had priority orders it could have obtained the needed materials more promptly than it did obtain them. In the absence of information upon any of these subjects, we must, without even reaching the issue presented in the Gothwaite case, supra, conclude that the plaintiff's petition does not state a cause of action, and it is therefore dismissed.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.