Whitaker, Judge,
delivered the opinion of the court:
This suit is before us on defendant’s demurrer to plaintiff’s petition. Plaintiff alleges that on April 10, 1942, he entered into a contract with defendant to construct for the Veterans’ Administration “certain outside heating, water and sewer services” at Fort Howard, Maryland. He sues for damages incurred as the result of delays due to the regulations of the War Production Board, which he says prevented him from securing necessary materials when needed.
*401 The defendant demurs because it says the petition does not state a cause of action. It says the defendant is not liable for delays in the performance of contracts caused by the exercise of its general and public acts as a sovereign.
Defendant is clearly correct. The War Production Board is an agency created by the President and engaged in carrying out the powers conferred upon him by Congress in the Second War Powers Act of March 27, 1942 (56 Stat. 176, 178). Under that Act the President was empowered to allocate materials essential to the national defense and to give priority in the obtaining of such materials to contractors engaged in work connected with the national defense. He was expressly authorized to exercise these powers through an agency appointed by him.
This was an Act of a general and public character affecting all persons situated similarly to plaintiff. It authorized the exercise of sovereign powers in the defense of the nation. That the Government is not liable for such acts needs no argument. We have so held from the creation of this court; Deming v. United States, 1 C. Cls. 190; Jones v. United States, 1 C. Cls. 383; Wilson v. United States, 11 C. Cls. 513; Horowitz v. United States, 58 C. Cls. 189.
In the Horowitz case the defendant had sold plaintiff some silk, but could not ship it when promised because of an embargo placed on shipments of silk by the Railroad Administration. We held plaintiff was not entitled to recover damages for a decline in the market before the goods arrived. This was approved by the Supreme Court in an opinion reported in 267 U. S. 458. At page 461 the Supreme Court cited our decisions cited above, and quoted with approval from our opinion in the Jones case as follows:
The two characters which the government possesses as a contractor and as a sovereign cannot be thus fused; nor can the United States while sued in the one character be made liable in damages for their acts done in the other. Whatever acts the government may do, be they legislative or executive, so long as they be public and general, cannot be deemed specially to alter, modify, obstruct or violate the particular contracts into which it enters with private persons. * * * In this court the United States appear simply as contractors; and they are to be held *402 liable only within the same limits that any other defendant would be in any other court. Though their sovereign acts performed for the general good may work injury to some private contractors, such parties gain nothing by having the United States as their defendants.
Plaintiff is not entitled to recover. His petition will be dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, OMef Justice, concur.
Jones, Judge, took no part in the decision of this case.