## J. F. BARBOUR & SONS v.

## UNITED STATES.

### No. 46090.

Court of Claims.

Nov. 5, 1945.

William E. Carey, Jr., of Washington, D. C. (Fred B. Rhodes and Rhodes & Rhodes, all of Washington, D. C., on the brief), for plaintiff.

Kendall Barnes, of New York City, and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and JONES, Judges.

LITTLETON, Judge.

Plaintiff and defendant, acting through the Federal Works Agency, entered into a

contract March 25, 1942, in which plaintiff agreed for the lump sum of $266,722.22 to furnish the necessary materials and labor, and to perform all the work necessary for the construction of a community hospital at a Defense Housing Project at Radford, Va. The contract provided for completion of the building within 210 calendar days after notice to proceed, or by November 9, 1942.

Recovery of damages of $30,000 is sought on the ground that defendant, through actions of the contracting officer and officials of the War Production Board, breached the contract by causing extended delays and stoppages of work due to "the failure of defendant to grant plaintiff the necessary authority [priority orders] to secure the required materials."

The petition alleges in substance as follows:

1. At the time the contract was entered into plaintiff was led to believe that defendant desired the building completed within the time named in the contract and that the defendant would do nothing to prevent completion of the building within the time named. Acting upon such belief, plaintiff promptly moved all its building equipment to the site of the proposed building and began construction work on April 17, 1942.

2. At a later date it became necessary, in order to continue with the work, to have certain priority orders issued by the War Production Board for certain necessary materials and when these priority orders were not granted the matter was promptly presented to defendant and, thereupon, defendant made an investigation on June 11, 1942. Thereupon the work on the project was ordered temporarily stopped by representatives of the Public Building Administration, Federal Works Agency.

3. The rules for obtaining priority orders were the same on the date the contract was made as they were on the later dates that plaintiff sought priority orders. In order to enable plaintiff to obtain the necessary priority orders it was necessary that the agency of the Government, which contracted with it, take action to obtain such orders through the War Production Board, the rules and regulations of which forbade plaintiff dealing with anyone except the owner of property for which a priority rating was required. Between the date of the contract and the date work on the project was ordered stopped, plaintiff made constant demand on its contracting agency to furnish it with proper priority preference and, by letters, telegrams, telephone calls, and personal conferences, negotiated therefor with the contracting agency and with the War Production Board. Under priority regulations the work called for by plaintiff's contract was in a class for which priority orders might be issued. The needed materials were available for purchase by plaintiff if adequate priority orders had been obtained by plaintiff and the contracting officer from the War Production Board, and such materials could have been acquired by plaintiff more promptly than they were obtained under inadequate priority ratings.

4. Paragraph 14 of the contract specifications provided as follows:

"Priority Rating.—Bidders are advised that a project priority rating will be applied to this project after the award of the contract and this project rating will be extended to the Contractor."

By reason of the stoppage of work upon the various occasions due to the inability of plaintiff and the contracting officer to secure adequate priority orders for the necessary materials, the work on the building became in a thoroughly disorganized condition. Footings and trenches which had been prepared for the cement work became flooded with water, and other damages and losses were incurred. Plaintiff was also required to employ a large number of employees and supervisors, without being able to furnish them with any work to perform. The delay and inability to proceed with the work also tied up a large amount of plaintiff's equipment which was urgently required for other work.

The stoppage of work and the delay in orderly and prompt completion thereof were caused by failure of the War Production Board, which controlled the granting of priority orders, to grant plaintiff the priority authority necessary to enable it to obtain the required materials and to proceed with the work without delay and the increased costs which were occasioned by such delay.

Defendant's demurrer to the original petition was sustained. J. F. Barbour & Sons v. United States, 63 F.Supp. 348, and an amended petition was filed in which paragraph 3 above, not included in the original petition, was added.

We are of opinion that this case is, in principle, the same as the case of Everett D. Gothwaite v. The United States, 102

Ct. Cl. 400, 401, in which defendant's demurrer to the petition was sustained on the ground that the United States is not liable in damages as for a breach of contract through delay in its performance when such delay was the result of an act of the Government in its sovereign capacity.

Plaintiff does not allege that the contracting officer, or the officials of the War Production Board responsible under acts of Congress for the issuance of priority ratings and priority orders, failed to act or acted arbitrarily or capriciously. Plaintiff and the contracting officer appear to have done what they could under the circumstances to obtain the best priority rating and priority orders from the War Production Board. There was no provision in the contract that any particular priority rating would be granted for this project, or that plaintiff would be granted such priority orders as would enable it to complete the building within the contract period of 210 days. Plaintiff's claim that defendant breached the contract by delaying the work and causing it to be stopped is based upon the allegation that an inadequate priority rating and inadequate priority orders were granted. But under the National Defense acts and the War Powers acts, enacted by Congress, see Title III, sec. 301, Second War Powers act of March 27, 1942, 56 Stat. 176, 178, 50 U.S.C.A.Appendix, § 633, full authority was vested in the President to be exercised through such agency as he might appoint "to allocate materials essential to the national defense and to give priority in the obtaining of such materials to contractors engaged in work connected with the national defense." Gothwaite v. United States, supra; and in view of this, which it must be held plaintiff's contract contemplated, it cannot be said that the delay and increased cost which resulted from the priority rating that was granted constituted a breach of contract such as would render the United States liable in damages.

For the reasons stated and on authority of Gothwaite v. United States, supra, and the cases therein cited, defendant's demurrer must be sustained, and the petition is dismissed. It is so ordered.

WHITAKER, Judge, and WHALEY, Chief Justice, concur.

MADDEN and JONES, Judges, took no part in the decision of this case.