## HALLMAN et al. v. UNITED STATES.
### No. 47092.

Court of Claims.
Nov. 4, 1946.

JONES and LITTLETON, Judges, dissenting.

P. J. J. Nicolaides, of Washington, D. C., (William F. Kelly, of Washington, D. C., was on the brief), for the plaintiff.

S. R. Gamer, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiffs had a contract with defendant for the construction of some buildings at Fort Oglethorpe, Georgia, outside of Chattanooga, Tennessee. After plaintiffs submitted their bid the governing authorities at the Post promulgated a traffic regulation requiring vehicular traffic to come to a stop in the vicinity of troops moving in the streets. Plaintiffs say this regulation increased their cost of performance, and for this they sue.

The Government demurs because it says this regulation was of general application and was issued in the performance of a governmental function, to wit, the regulation of traffic, and for such an act the Government is not liable.

This is a good defense. Horowitz v. United States, 267 U.S. 458, 45 S.Ct. 344, 69 L.Ed. 736; Deming v. United States, 1 Ct.Cl. 190; Jones v. United States, 1 Ct.Cl. 383; Wilson v. United States, 11 Ct.Cl. 513; Gothwaite v. United States, 102 Ct.Cl. 400; Standard Accident Ins. Co. et al. v. United States, 59 F.Supp. 407, 103 Ct.Cl. 607, cert. den., 326 U.S. 729, 66 S.Ct. 37.

Plaintiffs also say they are entitled to recover under article 4 of the contract relative to changed conditions. Article 4 relates to changed physical conditions at the site of the work; it has no reference to changed governmental, political or economic conditions. Plaintiffs could hardly recover because the commandant of the post was changed from a mild-tempered old gentleman to an old "Blood and Guts"; or that the Democratic Administration was succeeded by a Republican Administration; or that the interest rate had changed; or because of the amalgamation of the Congress of Industrial Organizations and the American Federation of Labor. These would be changed conditions, indeed, and might affect the cost of performance of the contract, but neither they nor a change in traffic regulations were in the contemplation of the parties when they entered into the so-called agreement embodied in article 4.

The defendant's demurrer is sustained and plaintiffs' petition is dismissed. It is so ordered.

WHALEY, Chief Justice, concurs.

MADDEN, Judge (concurring in the result).

Though I agree that the Government's demurrer should be sustained, I desire to state my reasons separately. I do not think that a condition which was unknown to the parties at the time of entering into the contract is necessarily outside the scope of article 4 of the contract just because it results from a governmental regulation. The purpose of article 4 is to enable a contractor to base his bid on normal and anticipated conditions of performance, and not to include additional amounts to cover conditions that may arise, but probably will not. Both its text and its purpose indicate

.that if an unanticipated condition of performance arises, an equitable adjustment will be made, if costs of performance are materially increased by the condition. I think that such a changed condition might be caused by a Federal or local traffic regulation.

The plaintiffs' petition, however, does not, in my opinion, sufficiently allege such a changed condition. In its paragraph 5 it says that prior to submitting their bid, the plaintiffs went to the site and made an examination and found the usual traffic signs posted and only a minor restricted area, and in reliance thereon submitted their bid. Then, the petition says, "After the contract had been entered into the post engineer, by the erection of signs, restricted traffic to an extent that could not have been anticipated, by requiring that all vehicle traffic must come to a complete stop in the vicinity of any troop movement and should not resume movement until troops were off the street." In spite of the statement that this restriction "could not have been anticipated," I am unable to see why it could not have been anticipated. This was an Army post area, and it should have been anticipated that no traffic would be permitted which either jeopardized the safety of the troops or interfered with their training. The petition does not say that neither party to the contract anticipated the traffic restrictions. Yet such an allegation would be necessary to state a ground for the invocation of article 4, unless misrepresentation or concealment by the Government of a condition of which it was aware, but of which, as it knew, the plaintiffs were not aware, were alleged, which it is not.

JONES, Judge (dissenting).

It seems to me that plaintiff was entitled to some reasonable provision, either through a different entrance or a special exception which would have permitted him to do his work without "severe" loss. Restrictions within a military camp are on an entirely different basis from general and reasonable traffic regulations on public roads and in other public places. The post engineer could, if he thought circumstances justified such course of action, exclude entirely the public from access to the camp grounds, but

if so it would seem just to make some special provision to protect plaintiff in his contract obligations. Insofar as the pleadings disclose, this was a purely local regulation. If similar regulations were applicable in other camps, the pleadings do not disclose that fact.

Aside from the provisions of article 4, neither party to a contract should be permitted to do an affirmative act which unreasonably interferes with performance by the other.

While the allegations are rather general, I would overrule the demurrer and permit the introduction of evidence in order to determine whether the restrictions were necessary and reasonable or were arbitrary and unreasonable as applied to plaintiff.

I am authorized to state that LITTLETON, Judge, concurs in this opinion.