## HOROWITZ *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 74.   Argued October 15, 1924.—Decided March 9, 1925.

1. The United States, when sued as a contractor, can not be held liable for an obstruction to the performance of the particular contract resulting from its public and general acts as a sovereign. P. 460.
2. So *held,* where the Government, having sold silk to the claimant, did not ship it promptly, owing to an embargo placed on freight shipments of silk by the United States Railroad Administration, so that the claimant lost his opportunity to resell at a profit.

58 Ct. Cls. 189, affirmed.

APPEAL from a judgment of the Court of Claims dismissing the petition upon demurrer.

*Mr. Raymond M. Hudson* for appellant.

*Mr. M. E. Otis,* Special Assistant to the Attorney General, for the United States. *Solicitor General Beck, Assistant Attorney General Ottinger,* and *Mr. Wm. M. Offley,* Special Assistant to the Attorney General, were on the brief.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This action was brought by Horowitz, under the Tucker Act,[1] to recover damages for the alleged breach of a contract relating to the purchase of silk from the Ordnance Department. The petition was dismissed, on demurrer, for failure to state a cause of action. 58 Ct. Cls. 189.

The petition alleges, in substance, these facts: On December 20, 1919, the claimant, a resident of New York, submitted a bid for certain Habutai silk offered for sale by the New York Ordnance Salvage Board. At that time the " Chief of the Textile Division of New York City," agreed, " on behalf of such Board," that the claimant would be given an opportunity to re-sell the silk before completing the payment of the purchase price, and that the " departments of the Government having jurisdiction in matters of this kind " would ship the silk—which was then in Washington—within a day or two after shipping instructions were given. On December 22 he was notified by the Board that the sale of the silk to him had been " approved "; and he thereupon paid part of the purchase price. On January 30, 1920, he sold the silk to a silk company in New York. On February 16 he paid the balance of the purchase price, and wrote the Board to

---

[1]Act of Mar, 3, 1887, 24 Stat. 505, c. 359; Jud. Code, § 145.

ship the silk at once, by freight, to the silk company. Two days later he was notified by the Board that it had received the shipping instructions and had ordered the silk to be shipped. Thereafter the price of silk declined greatly in the New York market, until March 4. On that date the " claimant learned . . . that the silk ·was still in Washington, and had not been shipped because the Government through one of its agencies, the U. S. Railroad Administration, had prior to March 1, .1920, placed an embargo on shipments of silk by freight, and the shipment of Habutai silk for claimant had been held up." Afterwards the Government shipped the silk to the consignee, by express. It arrived in New York " on or about March 12." The consignee then refused to accept delivery on account of the fall in prices. And " by reason of the Government's breach of the contract and agreement in placing an embargo, and failing to ship the silk either by express or freight prior to March 4, 1920, the price of silk having declined, the claimant was forced to sell the said silk for $10,811.84 less than the price the consignee had agreed to pay for same had it been delivered in time.".

The petition alleges that the claimant is entitled to recover from the United States the said sum of $10,811.84, " for and on account of the violation of the said agreement;" and prays judgment therefor. .

We assume, without determining, that the petition shows a valid contract with the Salvage Board for the · sale of the silk and its prompt shipment after the receipt of shipping instructions. The sole breach of this contract which is alleged is the failure to ship the silk prior to March 4, 1920. This, according to the averment of the petition, was caused by an embargo placed by the Railroad Administration on shipments of silk by freight. Neither the validity of this embargo nor its effect in delaying the shipment is challenged by the petition.

It has long been held by the Court of Claims that the United States when sued as a contractor cannot be held liable for an obstruction to the performance of the particular contract resulting from its public and general acts as a sovereign. *Deming* v. *United States,* 1 Ct. Cls. 190, 191; *Jones* v. *United States,* 1 Ct. Cls. 383, 384; *Wilson* v. *United States,* 11 Ct. Cls. 513, 520. In the *Jones Case, supra,* the court said: " The two characters which the government possesses as a contractor and as a sovereign cannot be thus fused; nor can the United States while sued in the one character be made liable in damages for their acts done in the other. Whatever acts the government may do, be they legislative or executive, so long as they be public and general, cannot be deemed specially to alter, modify, obstruct or violate the particular contracts into which it enters with private persons. . . . In this court the United States appear simply as contractors; and they are to be held liable only within the same limits that any other defendant would be in any other court. Though their sovereign acts performed for the general good may work injury to some private contractors, such parties gain nothing by having the United States as their defendants."

It was upon this ground that the demurrer in the present case was sustained by the Court of Claims. We think this was correct, and the judgment is

*Affirmed.*