## NEW ENGLAND TREE EXPERT CO., Inc., v. UNITED STATES.

### Civil Action No. 519.

District Court, D. Rhode Island.

Dec. 31, 1946.

Robert Brown, of Providence, R. I., for plaintiff.

George F. Troy, U. S. Atty., and Edward McEntee, Asst. U. S. Atty., both of Providence, R. I., for the government.

HARTIGAN, District Judge.

This matter was heard on the defendant's motion to dismiss the complaint.

Paragraph 3 of the complaint alleges "that on August 27, 1942 the plaintiff entered into a contract with the defendant for topsoiling, seeding, sodding, etc., at the Defense Housing Project, No. MD–18091, Aircraft Workers, Baltimore, Maryland; and performed the contract therein; that since the commencement of work under the contract, Presidential Order No. 9301 was issued whereby plaintiff was obliged to work its help not less than forty-eight (48) hours per week, contrary to the then prevalent Wage and Hour Law, [Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.] which provided forty (40) hours as the maximum number hours per week, with the result that the plaintiff was obliged to pay premium time for all work performed during the extra eight hour period; that plaintiff based his contract price for the work under the terms of said contract on said forty hour week."

The plaintiff seeks to recover the sum of $1259.61 and interest.

The motion to dismiss alleges the following grounds:

"1. The plaintiff seeks to recover excess costs incurred by the plaintiff in the performance of its contract with the defendant merely because, during the course of the performance of the work, the contract became more burdensome and more costly to the plaintiff.

"2. The complaint does not allege that any new or supplemental contract was executed between the parties increasing or adjusting the contract price because of the allegations of increased costs in the performance of the contract.

"3. The complaint fails to state a claim against the defendant because it is based on the theory that the increased costs of performance was caused by the United States by reason of the promulgation of Executive Order No. 9301, and that therefore the United States is liable for the increased costs.

"4. The complaint is defective in that no allegation is there set forth stating that the plaintiff would not have had to work its employees 48 hours a week in order to complete the work on time apart from Executive Order No. 9301.

"5. The complaint fails to state a claim to the extent that it is based on the theory that the Government is liable for having made plaintiff's performance more costly, solely because of the promulgation of Executive Order No. 9301."

The contract was entered into when this country was at war.

Executive Order 9301 establishing a minimum wartime work week of forty-eight hours was signed by the President February 9, 1943.

The plaintiff argues that it figured the contract on a forty hour work week and was forced to extend its work to a forty-eight hour work week and that it was

forced to pay wages at time and a half for the extra eight hours.

The plaintiff contends that paragraph 2 of Executive Order Feb. 9, 1943, No. 9301 essentially changes the terms of the contract.

Paragraph 2 is as follows:

"All departments and agencies of the Federal Government shall require their contractors to comply with the minimum workweek prescribed in this order and with policies, directives, and regulations prescribed hereunder, and shall promptly take such action as may be necessary for that purpose."

The plaintiff admits that it has not been able to. find any case to sustain this contention.

Under the authority of Maxwell v. United States, 4 Cir., 3 F.2d 906, it seems to me that testimony to support paragraph 3 of the complaint is immaterial.

In the Maxwell case, supra, the court at page 912 said:

"The learned court below did not err in excluding the evidence offered nor in treating as immaterial so much of that admitted as tended to show that the general statutes and the administrative regulations of the United States adopted and enforced as war measures delayed the contractor in his work and made its doing more costly to him. * * *"

In Horowitz v. United States, 267 U.S. 458, 461, 45 S.Ct. 344, 69 L.Ed. 736, the court said:

"It has long been held by the Court of Claims that the United States when sued as a contractor cannot be held liable for an obstruction to the performance of the particular contract resulting from its public and general acts as a sovereign. Deming v. United States, 1 Ct.Cl. 190, 191; Jones v. United States, 1 Ct.Cls. 383, 384; Wilson v. United States, 11 Ct.Cls. 513, 520. In the Jones Case, supra, the court said: 'The two characters which the government possesses as a contractor and as a sovereign cannot be thus fused; nor can the United States while sued in the one character be made liable in damages for their acts done in the other. Whatever acts the government may do, be they legislative or executive, so long as they be public and general, cannot be deemed specially to alter, modify, obstruct or violate the particular contracts into which it enters with private persons. * * * In this court the United States appear simply as contractors; and they are to be held liable only within the same limits that any other defendant would be in any other court. Though their sovereign acts performed for the general good may work injury to some private contractors, such parties gain nothing by having the United States as their defendants.'"

The government's motion to dismiss the complaint is, therefore, granted.