## THE TUBUL.

### SCHNELL et al. v. UNITED STATES.
### No. A–17573.

District Court, E. D. New York.
June 26, 1947.

758

Joffe & Joffe, of New York City (Joseph Joffe, of New York City of counsel), for libellants.

J. Vincent Keogh, U. S. Atty., of New York City (Reid, Cunningham & Freehill and Renato C. Giallorenzi, all of New York City, of counsel), for respondent.

INCH, District Judge.

Libellant brings this suit against the United states of America. As to most of the facts there is no real dispute and such facts are a sufficient basis for this decision.

Libellant's libel alleges that a portion of their merchandise (crates of garlic) was loaded on the steamship Tubul, at Valparaiso, Chile, in apparent good order and when the whole cargo was delivered in this country, this portion was found to be damaged, owing to the negligence of those in charge of the steamship, in respect to the loading, stowage, custody and care of such cargo. The libel is in the form of a suit "in personam," liability being based on the alleged breach of contract of carriage.

The United States of America was, at the times in question, the owner of the said steamship Tubul. As the respondent in the suit it duly answered, by which answer, and amended answer, certain issues were raised, among them being a question of jurisdiction by this court and the liability of the United States of America in personam.

I see no necessity here for going into the issue in regard to loading, stowage, etc., of the merchandise for the following reason:

At the trial it was decided by this court, on conceded facts, that libellant had no cause of action against the United States of America in rem, because the vessel was not within the territorial waters of the United States of America at the time the libel was filed (August 13, 1945). Blamberg Bros. v. United States, 260 U.S. 452, 43 S.Ct. 179, 67 L.Ed. 346.

At the close of the libellant's direct evidence, the court denied a motion to dismiss the libel in personam without prejudice to the respondent's introduction of evidence on its part of the case, whereupon the respondent offered in evidence the Demise Charter entered into between the United States Government and the Chilean Government, which, it was duly stipulated, represented the Demise Charter of the steamship Tubul, the vessel involved in this suit (Respondent's Exhibit A).

This Demise Charter was entered into during the recent war. Naturally, as Sovereign, certain rights over such shipping generally were reserved. Horowitz v. United States, 267 U.S. 458, 45 S. Ct. 344, 69 L.Ed. 736. But it is plain that by this Demise Charter, the Tubul was demised to the Chilean Government, which in turn assigned the vessel, for operation, to the Chilean Line, which Line assumed all the obligations of the charterer under the demise. The bills of lading were all issued by this Chilean Line, which hired and paid the master and the crew, and did all of the other operations.

Accordingly, there is no need to go further with the matter, as I do not see any liability on the part of the United States of America in this suit by libellant.

This was a different form of charter from that cited in many of the cases by counsel, for libellant. The charter here is plainly entitled "A Demise Charter For

Vessels Bareboat Chartered by the United States Of America To The Chilean Government."

To be sure "no technical words are necessary to create a demise. It is enough that the language used shows an intent to transfer the possession, command, and control." United States v. Shea, 152 U.S. 178-189, 14 S.Ct. 519, 522, 38 L.Ed. 403.

"While it is sometimes difficult to determine whether a particular charter amounts to a demise of the ship, the rule is clear that there is a demise where the charterer is given the possession and control of the vessel." Romano v. West India Fruit & Steamship Co., 5 Cir., 151 F.2d 727-729.

The facts found by me cause me to be confident that here was a demise of the Tubul so intended by the parties and followed by performance by the charterer within such intention. See also Schnell et al. v. United States, D.C., 69 F.Supp. 877. The Capitaine Faure, 2 Cir., 10 F.2d 950-961.

Accordingly, a decree dismissing the libel should be entered.

Submit findings of fact and conclusions of law.