### GEO. H. EVANS & CO. v. UNITED STATES et al.

#### Civil Action No. 6549.

District Court, E. D. Pennsylvania.

Nov. 7, 1947.

Edward J. Mingey, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case arises on a motion to dismiss the complaint. Plaintiff is suing the United States, the National Housing Agency, and the Federal Public Housing Authority for damages resulting from defendants' breach of an implied condition in their contract with plaintiff. Defendant has moved to dismiss, alleging that there is misjoinder of parties defendant, that the sum plaintiff seeks exceeds the jurisdictional limit of the District Court, and that the complaint does not state a cause of action.

Plaintiff's complaint is based upon breach of a standard-form government contract. Plaintiff is a builder and contractor and on October 12, 1943, entered into a contract with the United States for the erection of buildings in connection with the "Passyunk Homes" housing project in Philadelphia. Shortly before the end of that year, the City of Philadelphia ordered a sub-contractor of plaintiff to suspend all plumbing work until permission was obtained from the Department of Public Health of the City. The United States brought suit in the District Court to enjoin the City from interfering with the construction of the buildings, and litigation and negotiations continued for some seven months. Meanwhile, at the insistence of the Housing Authority, plaintiff reluctantly resumed work, while the plumbing installations could not be proceeded with. Plaintiff claims that defendant, in effect, denied plaintiff the right to perform its work under the contract in a normal and customary manner and thereby caused it 213 days delay and increased cost. Plaintiff contends that its contract contained an implied condition that the Government would not increase the cost of plaintiff's performance, and that this implied condition was breached by the Government's insistence that it proceed with its work in an unusual manner.

It should be noted that this argument assumes that plaintiff was damaged more by proceeding with its work without the plumbing installations and doing them later, as the Government insisted, than it would have been had it waited the seven months or so that litigation continued without doing anything at all. Whether this assumption squares with the facts is questionable, but need not be decided since I feel that on the merits plaintiff's action must fail because it states no claim upon which relief can be granted. It is true that what has been called a "constructive condition of cooperation" (Patterson, "Constructive Conditions in Contracts," 42 Col. L.Rev. 903) should be read into the government contract in this case, and under it "neither party will hinder the other in his discharge of the obligations imposed upon him, nor increase his cost of performance." See United States v. Bcuttas, 324 U.S. 768, 772, 65 S.Ct. 1000, 1002, 89 L.Ed. 1354. That case went off on the conclusion that the Government did not cause a contractor's expenses to increase, so that there could be no breach. But the converse is not true, and the Government is not necessarily liable every time it directly or indirectly increases the costs or decreases the profit of a party contracting with it. Thus, in Horowitz, v. United States, 267 U.S. 458, 45 S.Ct. 344, 69 L.Ed. 736, the Government had sold plaintiff some silk, but could not ship it when promised because of an embargo placed on shipments of silk by the Railroad Administration. Plaintiff sued for damages resulting from a decline in the market price and the Supreme Court affirmed a decision sustaining defendant's demurrer. See also Gothwaite v. United

States, 102 Ct.Cl. 400, and cases cited therein.

This is not a case where a contractor's increased expense was caused by faulty plans and specifications. Cf. United States v. Spearin, 248 U.S. 132, 39 S.Ct. 59, 63 L.Ed. 166. The Housing Authority was here proceeding under the Lanham Act, 42 U.S.C.A. § 1521(b), which expressly authorized the Administrator to proceed to build emergency housing without regard to state or municipal ordinances, rules or regulations relating to plans and specifications or forms of contract. So it did, resorting to the courts to enforce the clear Congressional mandate when city officials ordered the plumbing subcontractor to cease work. United States v. City of Philadelphia, D.C., 56 F.Supp. 862, affirmed, 3 Cir., 147 F.2d 291; cf. United States v. City of Chester, 3 Cir., 144 F.2d 415. It seems clear that under the terms of the contract, had the plaintiff refused to continue with the work, after the Government had insisted it should, the latter would have been justified in terminating the contract. Cf. National Surety Corp. v. United States, 102 Ct.Cl. 671. The Act under which the Housing Authority was proceeding was an emergency measure, and while the contract excused the contractor from delay caused by various circumstances outside of its control, it would not seem to excuse him from proceeding at all under circumstances such as these.

Plaintiff apparently claims that the Housing Authority acted wrongfully by following the Congressional mandate of ignoring local rules in an emergency situation, and by insisting on what was its contractual right of performance from the plaintiff. This Court cannot agree that this course of action should give rise to an action for breach of contract, even though plaintiff suffered increased expense as a result.

Accordingly, therefore, it is unnecessary to deal with defendant's first two contentions supporting its motion to dismiss. It is quite probable that neither would necessarily require dismissal of the complaint.

Defendant's motion to dismiss is granted.