The **METRIG CORPORATION**
v.
The **UNITED STATES.**
No. 318–65.

United States Court of Claims.
June 12, 1970.

Albert Foreman, New York City, attorney of record, for plaintiff, M. Carl Levine, Morgulas & Foreman, New York City, of counsel.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner Mastin G. White with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on September 18, 1969. Exceptions to the commissioner's conclusions were filed by plaintiff which urged that his recommendations be reversed in their entirety. Defendant has requested that the court accept the commissioner's report and dismiss the petition as recommended. The case has been submitted to the court

on oral argument of counsel and the briefs of the parties. Since the court agrees with the commissioner's opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, plaintiff is not entitled to recover and the petition is dismissed.

## OPINION OF COMMISSIONER

WHITE, Commissioner:

This case arose in connection with the performance by the plaintiff of Housing Contract No. DA–08–123–ENG–3261 ("the contract"), under which the plaintiff constructed for the defendant (represented by the Corps of Engineers, Department of the Army) a 150-unit housing project at Fort Allen, a military installation located near Ponce, Puerto Rico. The contract was entered into between the parties on April 28, 1961, in accordance with the provisions of the Capehart Act (42 U.S.C. §§ 1594–1594f and 12 U.S.C. §§ 1748–1748g (1958)).

█ It is my opinion that the plaintiff is not entitled to recover in the present action.

In attempting to state a cause of action, the plaintiff alleged in the petition that "the contract, as advertised for and as awarded by the defendant, contained a schedule of prevailing rates of wages * * * and represented that said scale of wages were the prevailing wages in the area"; that "the representations as made by the defendant were erroneous and, at the best, were mistaken; and at the worst, were a deliberate misrepresentation of the facts"; that the plaintiff "relied upon the representations * * * and based its bid and entered into the contract with the defendant in reliance upon the scale of wages as therein set forth"; and that "after plaintiff entered into the contract, the defendant required plaintiff to pay a much higher scale of wages than that provided in the contract * * *."

The "schedule of prevailing rates of wages" referred to in the petition was set out in the contract specifications pursuant to the provisions of the Davis-Bacon Act. That act provided in part at the time (with exceptions not material here) that each Government construction contract should contain a provision requiring the contractor to pay all mechanics and laborers employed directly upon the site of the work wages computed at rates not less than those stated in the contract specifications, "which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision * * * in which the work is to be performed * * *" (40 U.S.C. § 276a (1958)).

On the basis of determinations made by the Secretary of Labor respecting the wage rates for laborers and mechanics prevailing in the locality where the work under the contract was to be performed, the contract specifications provided in paragraph SC–7 that the "minimum wages" to be paid laborers and mechanics on the project should be based upon "minimum rates" per hour of, inter alia, 77 cents for unskilled laborers, 90 cents for carpenters' helpers, 90 cents for mason tenders, 90 cents for mortar mixers, and 90 cents for brush (water) painters.

The plaintiff did not, at the trial of the case, present any evidence to support the allegations in the petition that the determinations by the Secretary of Labor with respect to the prevailing wage rates in the vicinity where the work under the contract was to be performed were "erroneous," or "mistaken," or "a deliberate misrepresentation of the facts." Therefore, since official actions are presumed to be correct, it must be concluded that the scale of minimum wage rates set out in paragraph SC–7 of the contract specifications was based upon correct determinations made by the Secretary of Labor with respect to the wage rates actually prevailing for the

respective classes of laborers and mechanics in the vicinity of Fort Allen.

The plaintiff did introduce at the trial evidence showing that while the work under the contract was in progress, the Wage and Hour Division of the Department of Labor informed the plaintiff and Cross Construction Corporation ("Cross"), the plaintiff's subcontractor for the concrete and masonry work, that their operations under the contract were subject to the provisions of the Fair Labor Standards Act of 1938; and that the plaintiff and Cross were ultimately required by the Wage and Hour Division to comply with the Fair Labor Standards Act by paying all their workmen wage rates at least equal to the minimum rate prescribed under that act.

At the time involved in this case, the Fair Labor Standards Act provided, *inter alia*, for the issuance from time to time by the Administrator of the Wage and Hour Division, Department of Labor, of wage orders prescribing the minimum rate or rates of wages which employers in Puerto Rico engaged in interstate or foreign commerce were required to pay their workmen (29 U.S.C. § 208 (1958) ). The minimum wage rate prescribed by the Administrator for the construction industry in Puerto Rico was $1.00 per hour from the time when the work under the contract was commenced until November 3, 1961, when the minimum rate was increased to $1.- 15 per hour.

As previously indicated, certain of the minimum wages rates set out in the contract specifications, pursuant to determinations by the Secretary of Labor respecting the wage rates prevailing in the locality where the work was to be performed, were less than $1.00 per hour. Since the plaintiff and Cross had expected to pay their workmen wages in accordance with the minimum rates prescribed in the contract specifications, the requirement that they comply with the provisions of the Fair Labor Standards Act by paying at least $1.00 per hour up until November 3, 1961, and at least $1.15 per hour thereafter, increased the labor costs of the plaintiff and Cross with respect to certain classes of workmen.

It must be noted, however, that paragraph SC–7 of the contract specifications merely prescribed *minimum* wage rates below which the plaintiff and its subcontractors could not go in employing laborers and mechanics for the performance of work under the contract. Paragraph SC–7 was not an assurance or a representation by the defendant that the plaintiff and its subcontractors would not have to pay any wage rates higher than those listed in the paragraph. Morrison-Hardeman-Perini-Leavell v. United States, 392 F.2d 988, 995, 183 Ct.Cl. 938, 949 (1968). The Davis-Bacon Act, pursuant to which paragraph SC–7 was included in the contract specifications, was enacted "to protect * * * employees [of Government contractors] from substandard earnings by fixing a floor under wages on Government projects"; and it does not confer any litigable rights on Government contractors themselves. United States v. Binghamton Co., 347 U.S. 171, 176–177, 74 S.Ct. 438, 98 L.Ed. 594 (1954).

■ Furthermore, the existence of the contract, with its schedule of minimum wage rates prescribed in accordance with the provisions of the Davis-Bacon Act, did not constitute any limitation upon the authority of the Administrator of the Wage and Hour Division, Department of Labor, to issue or enforce under the Fair Labor Standards Act wage orders applicable to employers in Puerto Rico (including Government contractors) engaged in interstate or foreign commerce. Such actions by the Administrator were an exercise of the sovereign power of the United States, for which the Government cannot be held liable in its capacity as a contractor. Cf. Horowitz v. United States, 267 U.S. 458, 461, 45 S.Ct. 344, 69 L.Ed. 736 (1925); Clemmer Construction Co. v. United States, 71 F.Supp. 917, 919, 108 Ct.Cl. 718, 721–722 (1947); Anthony P. Miller, Inc. v. United States, 161 Ct.Cl. 455, 472 (1963), cert. denied, 375 U.S.

879, 84 S.Ct. 149, 11 L.Ed.2d 111 (1963).

The conclusions previously stated in this opinion are not negatived by the circumstances under which the plaintiff and Cross were required to comply with the provisions of the Fair Labor Standards Act.

At the time when the invitation for bids on the contract was issued in January 1961, there had been no final judicial determination of the question as to whether the Fair Labor Standards Act was applicable to contractors engaged in the performance of construction work at Fort Allen. The Wage and Hour Division of the Department of Labor had taken the position in the latter part of 1959 that this statute was applicable to such contractors; and the Secretary of Labor had filed a suit in the United States District Court for the District of Puerto Rico in an attempt to enjoin the Five Boro Construction Corporation (which was engaged in the performance of construction work at Fort Allen under two contracts with the Government) from violating the provisions of the Fair Labor Standards Act by paying wages at less than the minimum rate fixed under that act. In August 1960, the district court handed down a decision to the effect that the Fair Labor Standards Act did not apply to the Five Boro Construction Corporation with respect to its operations at Fort Allen. The Secretary of Labor thereupon took an appeal to the United States Court of Appeals for the First Circuit; and this appeal was still pending at the time of the issuance in January 1961 of the invitation for bids on the contract with which we are concerned.

Notwithstanding the adverse decision in 1960 by the district court, it continued to be the official position of the Department of Labor at all times that the provisions of the Fair Labor Standards Act were applicable to contractors engaged in the performance of construction work at Fort Allen. In this connection, it should be mentioned that the invitation for bids on the contract involved here specifically stated in part as follows:

42. Bidders are advised hereby that it will be their responsibility to investigate, by inquiry to the Regional Wage & Hour Division of the Department of Labor for the area in which the contract work will be performed, whether or not the Fair Labor Standards Act is applicable to the work.

Notwithstanding the admonition quoted in the preceding paragraph, there is no evidence in the record showing that the plaintiff, in connection with the preparation of its bid on the contract, made any inquiry of the regional office of the Wage and Hour Division in San Juan, or of any other office or station maintained by the Wage and Hour Division in Puerto Rico or elsewhere, as to whether the provisions of the Fair Labor Standards Act would be applicable to the work that was to be performed under the contract. Furthermore, the preponderance of the evidence in the record establishes that Cross, prior to entering into the subcontract with the plaintiff, did not make any inquiry of the Wage and Hour Division as to whether the Fair Labor Standards Act would be applicable to work performed under the contract. (See paragraphs (c) and (d) of finding 12.)

On June 15, 1961, while work under the contract was in progress, the Court of Appeals for the First Circuit reversed the 1960 decision of the United States District Court for the District of Puerto Rico in the case of the Five Boro Construction Corporation, and held that such company, in the performance of its construction activities at Fort Allen under contracts with the Government, was subject to the provisions of the Fair Labor Standards Act (Goldberg v. Nolla, Galib & Cia., 291 F.2d 371.) On the basis of that decision, the Wage and Hour Division subsequently compelled the plaintiff and Cross to comply with the provisions of the Fair Labor Standards Act in connection with the performance of the work under the contract involved

in the present case, as previously indicated.

Under the circumstances, as outlined in this opinion, it seems reasonable to conclude that the plaintiff and Cross assumed the risk that the Fair Labor Standards Act would be held to apply to construction activities performed by contractors and their subcontractors at Fort Allen.

For the reasons previously stated, it is my opinion that the plaintiff is not entitled to recover in the present action, and that the petition should be dismissed.