This case is before the court on defendant’s motion for summary judgment and plaintiffs’ opposition thereto. We have heard oral argument. For the reasons discussed below, we deny defendant’s motion for summary judgment and remand for further proceedings.
The plaintiffs in this case are California farmers who reside in, and purchase water from, the Westland Water District. The Water District, in turn, purchases its water *824 from the Federal Government. To ultimately receive this federal water, plaintiffs were required to enter (and between 1969 and 1975 did enter) a number of recordable contracts with the Federal Government. Each of these contracts contained provisions by which plaintiffs agreed to sell within 10 years all their land within the Water District exceeding 160 acres. These recordable contracts also required all proposed sales to be submitted to the Secretary of the Interior for approval of purchaser and sales price.
In July 1976, plaintiffs submitted two proposed sales, number F-76-106 and F-76-107. In April 1977, the Government notified plaintiffs that processing of their sales requests had been suspended due to an injunction issued by a federal district court judge. Although the Government and plaintiffs reached a temporary agreement to begin processing the applications again, that processing and that of all such requests was halted again in June 1977 at the direction of the Secretary of the Interior. In December 1978, the Government again began processing all sales applications. In January 1980, the Government disapproved the sales requests (as amended) for a stated failure of those purchasers to meet a residency requirement. Plaintiffs’ purchasers thereafter submitted agreements to meet the residency requirements. Sale number F-76-107 was approved in March 1980; sale number F-76-106 remains pending.
The petition alleges normal processing time should have been 7 months. Here, plaintiffs continue, approval of one sale took 45 months and the other has not yet been approved. Had the sales requests been approved in a timely manner, plaintiffs argue, the March 1980 sale would have been at a higher price. Also, plaintiffs claim, had approval been timely the sales would not have been subject to additional requirements imposed during the pendency of the sales applications. Plaintiffs conclude total damages aggregate $5,000,000.
In its motion for summary judgment, defendant raises two major issues. First, defendant argues that plaintiffs’ claim is in reality based on a contract implied in law, over which this court has no jurisdiction. Second, defendant argues that in any event defendant’s actions here were in *825 furtherance of the reclamation statutes and were therefore sovereign acts for which no contractual liability exists. We reject the first contention; we find, however, as to the second that there are material issues of fact precluding summary judgment. We therefore return the remainder of the case for further proceedings before a trial judge.
Regarding the defendant’s first argument, defendant correctly observes that there is no term of these express contracts requiring timely performance by the Government. Absent such provision, defendant says, an obligation of timeliness is a contract implied in law and any claim based thereon must be dismissed. See, e.g., Merritt v. United States, 267 U. S. 338, 341 (1925); Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151-154, 655 F. 2d 1047, 1059-1060 (1981), and cases cited thereat. Defendant’s argument, however, ignores the long-standing rule in this court that every Government contract contains an implied provision whereby the parties agree not to hinder or unreasonably delay the other party’s performance. See, e.g., Kehm Corp. v. United States, 119 Ct. Cl. 454, 93 F. Supp. 620 (1950); J. D. Hedin Construction Co. v. United States, 171 Ct. Cl. 70, 347 F. 2d 235 (1965); Lewis-Nicholson, Inc. v. United States, 213 Ct. Cl. 192, 550 F. 2d 26 (1977). Application of the unreasonable delay doctrine is of course predicated on the existence of a contract with the United States. Had no contract existed, no such obligation to perform statutory duties in a timely manner could have been implied. This is the distinction the defendant’s first argument overlooks. That we may imply no contract in law against the sovereign does not preclude this suit. Summary judgment does not lie under this theory.
Defendant’s second theory of summary judgment is that any administrative actions which might have delayed approval or which placed additional restrictions on approved sales were done pursuant to the reclamation statutes and affected all persons with recordable contracts, not just plaintiffs. These actions, defendant says, are sovereign acts for which no contractual liability can lie. See Horowitz v. United States, 267 U. S. 458, 460 (1925). This is so, defendant says even though such actions might have been contrary to statute.
*826 From its earliest days, however, application of the sovereign act doctrine has proceeded from the recognition that in governing the country, the Government’s actions, otherwise legal, will occasionally incidentally impair the performance of contracts. Were those contracts exclusively between private parties, the party hurt by such governing action could not claim compensation from the other party for the governing action. Given the large number of contracts the Government enters, its contracts will sometimes be affected by those same governing acts. The policy underlying the sovereign act doctrine is that in those circumstances, the Government in its contracting role, like its private counterpart, should not incur liability for its act
done in the governing role. Horowitz, supra; Tony Downs Foods Co. v. United States, 209 Ct. Cl. 31, 36-37, 530 F. 2d 367, 370-371 (1976); Froemming Bros. v. United States, 108 Ct. Cl. 193, 212-213, 70 F. Supp. 126, 127 (1947); Jones v. United States, 1 Ct. Cl. 383, 384-385 (1865). See generally Sun Oil Co. v. United States, 215 Ct. Cl. 716, 572 F. 2d 786 (1978). It is critical that the governing acts themselves be legal for the doctrine to apply. See Ottinger v. United States, 116 Ct. Cl. 282, 285, 88 F. Supp. 881, 883 (1950). See also Wah Chang Corp. v. United States, 151 Ct. Cl. 41, 51, 282 F. 2d 728, 735 (1960).
The above-cited cases clearly show that existence of the sovereign act defense necessarily turns on the nature and circumstances of each such act. As plaintiffs present their case, there are a number of acts which may or may not be sovereign acts. As the exact scope and nature of each act is presently unclear, we are unable to conclude that the sovereign act defense precludes all Government liability. We therefore deem it advisable to deny the motion for summary judgment at this time and remand the case for further proceedings in our trial division. Such proceedings should include but are by no means limited to:
(1) Whether any of the acts which plaintiffs say caused the alleged delay are sovereign acts within the meaning of our prior cases;
(2) Assuming that there is at least some delay not excused by the sovereign act doctrine, whether such delay under the circumstances was unreasonable; and
*827 (3) Assuming there was at least some unreasonable delay, whether any of the acts plaintiffs say contributed to the quantum of their damages is excused by the sovereign act doctrine.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby denied. The case is returned to the trial division consistent with this order.