**HILLS MATERIALS COMPANY,**
**Appellant,**

v.

**Donald B. RICE, Secretary of the Air Force, Appellee.**

**No. 92–1257.**

United States Court of Appeals, Federal Circuit.

Dec. 29, 1992.

Edward C. Carpenter, Costello, Porter, Hill, Heisterkamp and Bushnell, Rapid City, SD, argued for appellant.

Christopher R. Yukins, Dept. of Justice, Washington, DC, argued for appellee. With him on the brief were Stuart E. Gerson and David M. Cohen, Washington, DC. Of counsel was Lt. Colonel Alan R. Rotach, U.S. Air Force, Washington, DC.

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

MAYER, Circuit Judge.

Hills Materials Company appeals the decision of the Armed Services Board of Contract Appeals, Nos. 42410 and 42411 (December 6, 1991), denying its application for an equitable adjustment for additional work performed under its contract with the United States Air Force to comply with revised Occupational Safety and Health Administration regulations. We reverse and remand.

## Background

Hills Materials submitted bids on two Air Force contracts for repair of surface and storm drainage and sewer lines on two groups of housing units at Ellsworth Air Force Base. The company based its bids, in part, on the cost of complying with Occupational Safety and Health Administration (OSHA) regulations governing slope requirements for trenching and excavations which had been in force since the early 1970's. 29 C.F.R. §§ 1926.650–.652 (1989). After Hills Materials submitted its bids, OSHA issued final regulations which substantially modified 29 C.F.R. § 1926.652 by requiring ditches with flatter slopes on their sides.[1] The company requested an equitable adjustment for increased costs associated with the revised regulations. The contracting officer denied the request, and ordered it to comply with the revised regulations. Hills Materials accordingly undertook extensive, unanticipated excavation including removal of sidewalks, street areas, curbs, gutters and lawns, and the subsequent restoration of these items by backfilling, reconstructing and seeding.

Hills Materials then submitted a formal claim for the increased costs, arguing that under the contract's Accident Prevention Clause, the Air Force had assumed responsibility for any additional costs incurred as the result of a change in 29 C.F.R. part 1926. The contracting officer again denied the claims because the contract's Permits and Responsibilities Clause required Hills Materials to comply with any applicable laws, including changes in those laws, at its

---

1. Hills Materials submitted bids on both contracts on July 28, 1989. The contract pertaining to repair work at the Capehart 500 housing units at Ellsworth Air Force Base was awarded on August 31, 1989, prior to the changes to part 1926 which were published in the *Federal Register* on October 31, 1989, and became final on March 5, 1990. Due to a computer line error, the contract for repair work on the Shell housing units was not awarded until December 5, 1989. Neither party contends that the timing of the contract awards is material to our resolution of this dispute.

own expense. The Armed Services Board of Contract Appeals upheld the denial, and this appeal followed.

### Discussion

■ The crux of this case is the meaning of the contract's Accident Prevention Clause, which requires the contractor to "[c]omply with the standards *issued* by the Secretary of Labor at 29 CFR part 1926...." 48 C.F.R. § 52.236–13(a)(2) (1989) (emphasis added). The contract also contains the standard Permits and Responsibilities Clause, which provides that "[t]he Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work." *Id.* § 52.236–7. The board held that the general obligation imposed by the Permits and Responsibilities Clause was not limited by any other clause in the contract. While the board's experience and expertise in interpreting contractual language is entitled to consideration and respect, *United States v. Lockheed Corp.*, 817 F.2d 1565, 1567 (Fed.Cir.1987), contract interpretation is a matter of law which this court is free to undertake anew, *R.B. Wright Constr. Co. v. United States*, 919 F.2d 1569, 1571 (Fed.Cir.1990). In this instance, we disagree with the board that the Accident Prevention Clause did not limit Hills Materials' obligation to assume costs resulting from post-bid changes to part 1926.

■ Wherever possible, words of a contract should be given their ordinary and common meaning. *Hol–Gar Mfg. Corp. v. United States*, 351 F.2d 972, 976, 169 Ct.Cl.

384 (1965). Hills Materials contends that by using the word "issued" in the Accident Prevention Clause, the government limited the company's general obligation under the Permits and Responsibilities Clause to compliance with the specific version of 29 C.F.R. part 1926 in effect at the time the bids were submitted. While compliance with subsequent changes would not be excused, it could entail additional compensation. This is a reasonable interpretation of the contract. By its plain meaning, the word "issued" in the past tense logically refers to regulations already issued, and not to changes which may occur in the future.

The government responds that the language of the Permits and Responsibilities Clause requires Hills Materials to bear the burden of complying with any changes in federal, state or local law, including changes in 29 C.F.R. part 1926. It argues that the Accident Prevention Clause simply reiterates Hills Materials' obligation to comply with the trenching regulations, including any changes, because it does not reference any specific version of the regulation.[2]

■ Even if we assume for the sake of argument that the government's interpretation is also reasonable, "[i]t is a generally accepted rule, which requires no citation of authority, that if a contract is reasonably susceptible of more than one interpretation, it is ambiguous." *Edward R. Marden Corp. v. United States*, 803 F.2d 701, 705 (Fed.Cir.1986). Where such a latent ambiguity exists, the court will construe the ambiguous term against the drafter of the contract when the nondrafter's interpretation is reasonable.[3] *Fort Vancouver Ply-*

---

**2.** The government's additional argument that Hills Materials' interpretation of the Accident Prevention Clause would be at odds with the sovereign acts doctrine is misplaced. Under the doctrine the United States in its capacity as contractor generally cannot be held responsible for the acts of the United States as sovereign, *Atlas Corp. v. United States*, 895 F.2d 745, 754 (Fed.Cir.1990) (quoting *Horowitz v. United States*, 267 U.S. 458, 461, 45 S.Ct. 344, 69 L.Ed. 736 (1925)), but the doctrine certainly does not prevent the government as contractor from af-

firmatively assuming responsibility for specific sovereign acts, *D & L Const. Co. v. United States*, 402 F.2d 990, 999, 185 Ct.Cl. 736 (1968).

**3.** If there is indeed an ambiguity, it is not a patent one which would require Hills Materials to ask for clarification, *Fort Vancouver Plywood Co. v. United States*, 860 F.2d 409, 414 (Fed.Cir. 1988), because it is not "*so* glaring as to raise a duty to inquire." *United States v. Turner Constr. Co.*, 819 F.2d 283, 286 (Fed.Cir.1987) (citing *Newsom v. United States*, 676 F.2d 647, 650, 230 Ct.Cl. 301 (1982)).

*wood Co. v. United States*, 860 F.2d 409, 414 (Fed.Cir.1988). This promotes care and completeness by drafters of contracts, *United States v. Turner Constr. Co.*, 819 F.2d 283, 286 (Fed.Cir.1987), and applies to the government as well as private parties. *See Fort Vancouver Plywood Co.*, 860 F.2d at 414. Hills Materials' assertion that the word "issued" limits the contractual obligation on which it based its bid to compliance with the version of part 1926 in effect at the time the bids were submitted is therefore the dispositive interpretation of the clause.

■ Because by this interpretation the Accident Prevention Clause pointedly shifts responsibility for costs incurred as the result of the revised regulations at part 1926 to the government, it supersedes the more general language of the Privileges and Responsibilities Clause. Where specific and general terms in a contract are in conflict, those which relate to a particular matter control over the more general language. *Hol–Gar Mfg.*, 351 F.2d at 980. This resolution does not render the Permits and Responsibilities Clause insignificant or useless, but gives meaning to all parts of the contract. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1555 (Fed.Cir. 1983); *Hol–Gar Mfg.*, 351 F.2d at 979. To the extent it is merely repetitive of the obligation already imposed by the Permits and Responsibilities Clause, the government's contrary interpretation of the Accident Prevention Clause tends to render the language of that clause superfluous.

### Conclusion

Accordingly, the decision of the board is reversed, and the case is remanded for further proceedings consistent with this opinion.

### COSTS

Hills Materials Company shall have its costs.

REVERSED AND REMANDED.