ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Team Hall Venture, LLC, dba | ) ASBCA No. 60823 |
| Limeberry Frozen Yogurt | ) |
| | ) |
| Under Contract No. MCH 14-074 | ) |

APPEARANCE FOR THE APPELLANT:            Mr. Jay B. Hall
                                         Owner

APPEARANCES FOR THE GOVERNMENT:          Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                         Evan C. Williams, Esq.
                                          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant seeks breach damages arising from the shutdown of the concession that it owned and operated on a military base.

FINDINGS OF FACT

In June 2014, the Army and Air Force Exchange Service (the Exchange) awarded a contract to appellant, Team Hall Venture, LLC, dba Limeberry Frozen Yogurt, for appellant to operate (for up to ten years) a frozen yogurt concession at a "food court" on Joint Base Lewis-McChord in Tacoma, Washington (R4, tab 1 at 1; tr. 1/16-17, 153). The concession opened in November 2014, and had to close from time to time (including for one, approximately 57-day period) due to rodent infestation and flooding from a floor drain in the building in which the food court was located (R4, tab 31 at 169; tr. 1/11, 14-19, 37, 40, 54-56, 63, 96-100, 108-11, 140-41, 2/41, 101-02). The concession ceased operations on June 30, 2016; by the next day, the parties had entered a contract amendment in which they terminated the contract (R4, tab 31 at 169; tr. 1/90-93, 209-10, 2/42, 96, 106, 254). That "termination agreement" provides:

> The contractor hereby releases the Army and Air Force
> Exchange Service (the Exchange) from any and all
> obligations related to this contract, *and waives any claim*
> *against the Exchange for monetary or other relief to this*
> *contract*, including any that may arise in the future, to
> include the time period of 1-17 July 2016.

(R4, tab 31 at 169) (Emphasis added)  The agreement contains the mark "X" in a box against the words "CONTRACT (AGREEMENT)" (*id.*).  Appellant represented during the hearing that the government added the "X" after appellant signed the agreement (tr. 1/92), but admitted that the release language above was present when appellant signed (tr. 2/254).

In September 2016, appellant presented to the contracting officer a certified claim in the amount of $673,193.44, almost all of that in alleged losses for the eight-year period that followed the termination of the contract (R4, tab 34 at 178).  On September 23, 2016, the contracting officer denied all but $29,521.78 of appellant's claim (R4, tab 35 at 185).

## DECISION

Appellant now seeks $205,193.44 in breach damages (*see* app. br. at 3).  In the termination agreement, appellant waived any claim against the Exchange for monetary or other relief to the concession contract.  *See Great America Construction Co.*, ASBCA Nos. 60437, 60501, 16-1 BCA ¶ 36,460 at 177,678 (general release barred all claims). Appellant points out (app. reply br. at 10-11) that, when asked during the hearing what the release covered, government counsel represented that "the record shows that what was intended was a release for future damages from 1 to 17 July, 2016" (tr. 1/93).  Contract interpretation is a matter of law, *Hills Materials Co. v. Rice*, 982 F.2d 514, 516 (Fed. Cir. 1992), and we see no such limitation in the waiver.  In any event, in its post-hearing brief, the government relies upon the waiver as a bar to all appellant's claims (*see* gov't br. at 16).  Appellant also says that after it signed the termination agreement, the government altered it (app. reply br. at 10), but the only addition appellant has pointed to is the "X" in the box against the words "CONTRACT (AGREEMENT)."  We do not find that such an "alteration" would relieve appellant from its waiver.  Moreover, appellant confirms that when it signed the agreement, the release language was present.  Because appellant waived any claim against the Exchange for monetary or other relief to the contract, the appeal, in which appellant claims money related to its concession contract, is denied.

## CONCLUSION

The appeal is denied.

Dated:  July 10, 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur                                      I concur


_____            _____
RICHARD SHACKLEFORD                          J. REID PROUTY
Administrative Judge                         Administrative Judge
Acting Chairman                              Vice Chairman
Armed Services Board                         Armed Services Board
of Contract Appeals                          of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60823, Appeal of Team Hall Venture, LLC, dba Limeberry Frozen Yogurt, rendered in conformance with the Board's Charter.

Dated:


                                    _____
                                    JEFFREY D. GARDIN
                                    Recorder, Armed Services
                                    Board of Contract Appeals

3