ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| JE Dunn Construction Co. | ) ASBCA No. 62936 |
| | ) |
| Under Contract No. W9127S-17-D-6003 | ) |

APPEARANCES FOR THE APPELLANT:       Reginald M. Jones, Esq.
                                      David Timm, Esq.
                                      Nicholas T. Solosky, Esq.
                                        Fox Rothschild LLP
                                        Washington, DC


APPEARANCES FOR THE GOVERNMENT:       Michael P. Goodman, Esq.
                                        Engineer Chief Trial Attorney
                                      Michael T. Geiselhart, Esq.
                                      Liz K. Harris, Esq.
                                        Engineer Trial Attorneys
                                        U.S. Army Engineer District, Little Rock


OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD
PURSUANT TO RULE 12.3

This appeal involves a contract for JE Dunn Construction Company (JE Dunn) to perform design-build construction work for the United States Army Corps of Engineers (USACE or government) at Fort Drum, New York. JE Dunn alleges that USACE changed the contract by implementing COVID-19-related restrictions requiring all personnel arriving at Fort Drum from more than 350 miles away to quarantine for 14 days prior to performing work on-site. USACE argues that the sovereign acts doctrine bars JE Dunn's claim, that JE Dunn would still have been required to quarantine under New York's COVID-19 protocols and therefore would have suffered the same damages notwithstanding Fort Drum's quarantine requirement, and that the risk of costs relating to a pandemic or quarantine under a fixed-price contract rest with the contractor. The Board has jurisdiction over this appeal pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109. JE Dunn elected Rule 12.3 disposition, and both parties elected to submit this appeal on the record pursuant to Board Rule 11. We deny the appeal.

FINDINGS OF FACT

1. On July 14, 2017, USACE awarded Contract No. W9127S-17-D-6003 (the contract) to JE Dunn for design-build construction work (R4, tab 1 at 1[1]).

---

[1] Page number citations refer to the PDF page number, unless otherwise stated.

2.  On September 25, 2018, USACE awarded Task Order No. W9127S-18-F-0155 to JE Dunn under the contract.  This task order was for heating, ventilation, and air conditioning (HVAC) replacement services at the Guthrie Health Care Clinic at Fort Drum at a total price of $30,428,439.  (R4, tab 2 at 46-51)

3.  The contract incorporated by reference Federal Acquisition Regulation (FAR) 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984) (Default Clause) (R4, tab 1 at 9).  This clause provides, in part:

> (b)  The Contractor's right to proceed shall not be terminated nor the Contractor charged with damages under this clause, if—
>
> (1)  The delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor.  Examples of such causes include . . .
>
> (vi)  epidemics
>
> (vii)  quarantine restrictions . . . .
>
> (2)  The Contractor, within 10 days from the beginning of any delay (unless extended by the Contracting Officer), notifies the Contracting Officer in writing of the causes of delay.  The Contracting Officer shall ascertain the facts and the extent of delay.  If, in the judgment of the Contracting Officer, the findings of fact warrant such action, the time for completing the work shall be extended.

FAR 52.249-10(b)(1-2)

4.  On April 22, 2020, Major General Brian Mennes, the Fort Drum Commander, imposed General Order No. 1B.  This order—which applied to service members, their dependents, and civilian personnel—outlined prevention and mitigation procedures aimed at slowing the spread of COVID-19.  (R4, tab 3 at 102-09)

5.  By letter dated May 4, 2020, JE Dunn notified USACE of pandemic-related on-site health and cleaning changes that would increase the cost of performance and cause delays.  These changes included conditional or limited jobsite access.  (R4, tab 4 at 110)

6.  On June 25, 2020, New York Executive Order 205 (EO 205) went into effect. This executive order imposed a 14-day quarantine requirement on all persons traveling to

New York "from a state with a positive test rate higher than 10 per 100,000 residents, or higher than a 10% test positivity rate, over a seven day rolling average."  (R4, tab 5 at 111-12)

7.  On July 16, 2020, USACE informed JE Dunn that anyone arriving at Fort Drum from outside a 350-mile radius would be required to quarantine for 14 days before being permitted to enter the base (R4, tab 6 at 113).

8.  By letter dated October 22, 2020, JE Dunn submitted a request for equitable adjustment (REA) pursuant to FAR 52.243-7, NOTIFICATION OF CHANGES (APR 1984).  JE Dunn sought an equitable increase of $47,737 to the contract price to compensate for projected hotel, food, rental car, labor, profit, and overhead expenses associated with the 14-day quarantine of two of JE Dunn's subcontractor's employees.  This REA requested a monetary adjustment to the contract price only.  (R4, tab 7 at 114-22)

9.  By letter dated November 3, 2020, USACE denied JE Dunn's October 22, 2020 REA.  USACE stated that the Default Clause governed JE Dunn's request and only allowed for additional time to complete performance in response to the quarantine restriction and not monetary compensation.  (R4, tab 8 at 123)

10.  On November 4, 2020, New York Executive Order 205.2 (EO 205.2) went into effect.  This order permitted travelers from states affected by EO 205 to bypass the 14-day quarantine requirement by providing proof of a negative test administered within 72 hours of entering New York, quarantining for a minimum of three days, and testing negative again on the fourth day.  NY Exec. Order No. 205.2 (Oct. 31, 2020)[2]

11.  The subcontractor's two employees—Stephania Walker and Nancy Moore—travelled to Fort Drum from Pensacola, Florida and quarantined in Watertown, New York from November 26 to December 10, 2020 (R4, tab 7 at 119).

12.  JE Dunn's two employees—Mr. Daniel Lacy and Mr. Mike Schmidt—travelled to Fort Drum from Kansas City, Missouri and quarantined in Watertown, New York (R4, tab 9 at 136-37; app. supp.R4, tabs 16-23).

13.  Mr. Lacy quarantined from October 30 to November 12, 2020 (app. R4 supp., tabs 17-19).  Mr. Schmidt quarantined from January 4 to January 17, 2021 (app. supp. R4, tabs 22-23).

---

[2] This executive order is available at https://www.governor.ny.gov/sites/default/files/atoms/files/EO205.2.pdf.

3

14.  By letter dated January 29, 2021, JE Dunn submitted a claim requesting a contracting officer's final decision (COFD).  JE Dunn sought $67,626 for expenses associated with the quarantine of all four employees.  (R4, tab 9 at 124-25)  These expenses included additional per diem, labor, profit, and overhead expenses stemming from the quarantines of Mr. Lacy and Mr. Schmidt (*id*. at 126-48).

15.  By letter dated March 9, 2021, USACE's contracting officer (CO) denied JE Dunn's claim, stating that § 3610 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act does not permit the government to reimburse contractors for expenses incurred due to the pandemic for employees who are not in a leave or vacation status (R4, tab 11 at 150-52).  The CO also denied that any contract changes were made that would allow for reimbursement because New York also imposed mandatory quarantine protocols for out-of-state travelers, which were requirements not directly related to JE Dunn and the contract (*id*. at 152).

16.  On March 17, 2021, all travel restrictions at Fort Drum were lifted (R4, tab 13 at 154).  Effective June 25, 2021, New York rescinded EO 205 (R4, tab 14 at 155).

17.  On June 1, 2021, JE Dunn appealed the COFD to the Board.

## DECISION

*The Parties' Contentions*

JE Dunn argues that USACE constructively changed the contract by requiring all JE Dunn personnel traveling to Fort Drum from more than 350 miles away to quarantine for 14 days upon arrival (app. br. at 1).  USACE asserts that JE Dunn's claim is precluded by the sovereign acts doctrine because Fort Drum's quarantine requirement was issued pursuant to the government's sovereign capacity, that JE Dunn would have suffered the same damages due to compliance with New York's quarantine protocols even if not for Fort Drum's quarantine requirement, and that the risk of costs relating to a pandemic or a quarantine in a fixed-price contract rest with the contractor and not the government (gov't br. at 1-2).

*Standard of Review*

Board Rule 11 allows the parties to waive a hearing and instead have the Board issue a decision based on the record.  ASBCA Rule 11(a).  "Unlike a motion for summary judgment, which must be adjudicated on the basis of a set of undisputed facts, pursuant to Board Rule 11, the Board 'may make findings of fact on disputed facts.'"  *U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 20-1 BCA ¶ 37,702 at 183,031 (quoting *Grumman Aerospace Corp.*, ASBCA No. 35185, 92-3 BCA ¶ 25,059 at 124,886 n.13).  As the proponent of the claim, JE Dunn bears the burden of proving liability and

4

damages in this appeal. *Stobil Enter.*, ASBCA Nos. 61688, 61689, 19-1 BCA ¶ 37,400 at 181,809 (citing *Wilner v. United States*, 24 F.3d 1397, 1401-02 (Fed. Cir. 1994)). "This means that when the claim being asserted by the contractor is based upon alleged government-caused delay, the contractor has the burden of proving the extent of the delay, that the delay was proximately caused by government action, and that the delay harmed the contractor." *Wilner*, 24 F.3d at 1401. We review this appeal de novo. 41 U.S.C. § 7104(b)(4).

*The Sovereign Acts Doctrine Bars JE Dunn's Claim*

Under the sovereign acts doctrine, a contractor is barred from monetary recovery for damages resulting from the government acting in its sovereign capacity. *See Conner Bros. Constr. Co. v. Geren*, 550 F.3d 1368, 1371 (Fed. Cir. 2008). "The sovereign acts doctrine provides that the government is not liable for obstructions to the performance of its contracts 'resulting from its public and general acts as a sovereign.'" *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,636 (quoting *Yankee Atomic Elec. Co. v. United States*, 112 F.3d 1569, 1574 (Fed. Cir. 1997)). Essentially, the sovereign acts doctrine serves to place the government in the same position as if it were a private contractor. *See United States v. Horowitz*, 267 U.S. 458, 461 (1925). The sovereign acts doctrine "is an affirmative defense that is an inherent part of every government contract." *Conner Bros.*, 550 F.3d at 1371.

In order for the sovereign acts doctrine to apply, (1) the government's act must be public and general, and (2) the act must render performance of the contract impossible. *American General Trading & Contracting*, *WLL*, 12-1 BCA ¶ 34,905 at 171,637; *see also Conner Bros.*, 550 F.3d at 1379. An act is public and general if "it is general and applies to all persons." *Nassar Grp. Int'l*, ASBCA No. 58451 *et al.*, 19-1 BCA ¶ 37,405 at 181,832. In order to determine if the government's act is public and general, courts examine whether the act "is specifically directed at nullifying contract rights" and whether the act "applies exclusively to the contractor or more broadly to include other parties not in a contractual relationship to the government." *Conner Bros.*, 550 F.3d at 1374-75.

In *Conner Bros.*, a commander ordered the closing of an army base to all persons except for essential personnel due to security concerns following the September 11, 2001 terrorist attacks. *Id*. at 1370. As a result, the contractor was excluded from the base for 41 days and sought to recover delay damages. *Id*. The Federal Circuit found that the exclusion order was not directed with the purpose of relieving the government of its contractual obligations, and that any effect on the contractor was merely incidental to a broader governmental objective of protecting national security. *Id*. at 1375. Because the exclusion order applied to all non-essential personnel, and not just the contractor in question, the Federal Circuit held that the exclusion order was a sovereign act of the

5

government which absolved the governmental of any liability to the contractor. *Id*. at 1375-79.

Similarly, in the case at hand, the 14-day quarantine requirement at Fort Drum applied to all visitors to the base from outside a 350-mile radius, and was not aimed specifically at JE Dunn (*see* finding 7). This requirement was implemented to serve a broader governmental objective of controlling the spread of COVID-19 on the base (findings 4, 7), and was not "specifically directed at nullifying contract rights." *Conner Bros.*, 550 F.3d at 1375. Therefore, we find that the 14-day quarantine requirement at Fort Drum was public and general. *Id*.; *Nassar Group*, 19-1 BCA ¶ 37,405 at 181,832.

JE Dunn asserts that the government's performance under the contract was not rendered impossible because Fort Drum's quarantine requirement was more restrictive than New York's quarantine protocols (app. br. at 13) and because USACE was obligated to operate the quarantine requirement in the least costly manner to JE Dunn (app. reply at 9). New York initially required out-of-state travelers from states with high COVID-19 infection rates to quarantine for 14 days upon arriving in New York (finding 6). The four employees in question traveled to Fort Drum from Florida and Missouri (findings 11-12). The parties do not dispute that during the timeframes that the employees were required to quarantine, EO 205's quarantine protocols applied to travelers from both of these states (*see* gov't br. at 6). However, EO 205.2 modified New York's quarantine requirements by allowing travelers from states with high COVID-19 infection rates to quarantine for only three days if the quarantine was bookended by negative tests (finding 10). JE Dunn argues that this would have been a more reasonable protocol for the government to apply at Fort Drum, and that its application of a more stringent requirement makes it liable for JE Dunn's damages (app. reply at 9). However, even if the government had implemented this quarantine requirement instead, JE Dunn fails to provide any evidence that the employees would have tested negative following their three-day quarantines, and therefore cannot establish that it would not have suffered the same damages regardless. Accordingly, the sovereign acts doctrine precludes JE Dunn from recovery for any damages it incurred as a result of Fort Drum's quarantine requirement. *See Conner Bros.*, 550 F.3d at 1375; *American General Trading & Contracting*, 12-1 BCA ¶ 34,905 at 171,636.

*JE Dunn Fails to Demonstrate That it Would Not Have Suffered the Same Damages Due to Compliance With New York's Quarantine Protocols Regardless of Fort Drum's Quarantine Requirement*

USACE additionally argues that if not for Fort Drum's 14-day quarantine requirement, JE Dunn would still have suffered the same damages due to compliance with New York's quarantine protocols (gov't br. at 11-13). As discussed above, the four employees in question traveled to Fort Drum from Florida and Missouri, and during the relevant timeframes, New York's quarantine protocols applied to travelers arriving in

New York from both states (*see* findings 6, 11-13).  While EO 205.2 modified New York's initial 14-day quarantine requirement by allowing for a three-day quarantine bookended by negative tests as an alternative and went into effect either before or during the quarantines of each of the employees (*see* findings 10-13), JE Dunn fails to provide any evidence that any of these employees would have tested negative after quarantining for three days.  Therefore, JE Dunn is unable to demonstrate that it would not have suffered the same damages even if Fort Drum's more stringent 14-day quarantine requirement had not been in effect during the relevant timeframes.

*The Risk of Costs Relating to a Pandemic or Quarantine Under the Default Clause*

USACE further argues that it is not liable for JE Dunn's damages because the risk of costs relating to a pandemic or quarantine under a fixed-price contract rest with the contractor (gov't br. at 9-11; gov't reply at 9-11).  The Default Clause, which was incorporated into the contract, provides that:

> (b)  The Contractor's right to proceed shall not be terminated nor the Contractor charged with damages under this clause, if—
>
> (1)  The delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor.  Examples of such causes include . . . epidemics [and] . . . quarantine restrictions . . . .
>
> (2)  The Contractor, within 10 days from the beginning of any delay (unless extended by the Contracting Officer), notifies the Contracting Officer in writing of the causes of delay.  The Contracting Officer shall ascertain the facts and the extent of delay.  If, in the judgment of the Contracting Officer, the findings of fact warrant such action, the time for completing the work shall be extended.

(Finding 3)  JE Dunn contends that the Default Clause does not apply here because USACE directed changes to the contract (app. reply at 10).  However, as discussed above, the sovereign acts doctrine bars JE Dunn's claim, and JE Dunn cannot demonstrate that it would not have suffered the same damages even if it had only been required to comply with New York's quarantine protocols.  Therefore, we need not discuss this issue further.

7

CONCLUSION

As discussed above, JE Dunn's claim is barred by the sovereign acts doctrine. Furthermore, JE Dunn fails to demonstrate that it would not have incurred the same damages regardless of Fort Drum's quarantine requirement due to compliance with New York's quarantine protocols. Accordingly, the appeal is denied.

Dated: April 25, 2022

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62936, Appeal of JE Dunn Construction Co., rendered in conformance with the Board's Charter.

Dated: April 25, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8